[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In 1984, appellant Terry Bengert pleaded no contest to three counts of rape. He was convicted of one count of rape without force, acquitted of the remaining counts, and sentenced to five to twenty-five years in prison. The victim was a four-year-old boy who lived in the second-floor apartment of a duplex owned by Bengert's brother. Bengert's brother lived in the first-floor apartment. Bengert, then 34, engaged in fellatio with the victim.
 {¶ 3} In September of 2002, while on parole, Bengert was brought before the trial court for a sexual-offender-classification hearing. The trial court adjudicated Bengert a sexual predator. In his sole assignment of error, Bengert now contends that the trial court erred in concluding that he is a sexual predator.
 {¶ 4} For the trial court to classify Bengert a sexual predator, the state had to prove by clear and convincing evidence that Bengert had been convicted of or had pleaded guilty to committing a sexually-oriented offense and that he was "likely to engage in the future in one or more sexually oriented offenses."[1] The Ohio Supreme Court has provided guidelines for a model classification hearing with the dual purpose of facilitating appellate review of the sexual-offender classification and ensuring a fair hearing.[2] These guidelines include the creation of "a clear, accurate, and comprehensive record for review," the appointment of "an expert, if necessary, to assist the trial court in making a determination concerning the offender's likelihood of recidivism," and a discussion on the record of "the particular evidence and statutory factors upon which the trial court relies in determining the offender's likelihood of recidivism."[3] R.C. 2950.09(B)(3) contains a list of ten factors the trial court must consider in its determination. What weight the trial court gives to those factors or any other relevant factors is left to its discretion.[4]
 {¶ 5} There is no dispute that Bengert had been convicted of a sexually-oriented offense. What is at issue is whether the evidence supported a conclusion that Bengert is likely to commit a future sexually-oriented offense.
 {¶ 6} The state offered eight stipulated exhibits. Bengert testified that he was currently involved in a sex-offender program and would continue to be for the two years he would be on parole. Bengert explained that he had not completed the Polaris sexual-offender program in prison because he had violated a prison rule and the violation had automatically resulted in termination from the program. He stated that he did not attempt to regain entrance into the program because the person who had disciplined him was a counselor with the program, and because he questioned the program's validity. Bengert testified that he had consistently participated for over ten years in a more general counseling program and that he had focused on what resulted in his conduct with his victim. He also testified that he believed that he had a "handle" on why he offended. He explained that his 1984 statement that he had previously had sexual relations with children referred to a time not when he was an adult, but when he was also a child.
 {¶ 7} The trial court considered the ten statutory factors, including Bengert's testimony, the interview of the victim near the time of the offense, the reports from the institution, and the psychological evaluation conducted by the Court Clinic. The trial court specifically focused on the following facts: (1) Bengert had engaged in fellatio with a four-year-old boy; (2) Bengert had stated in 1984 that he had a sexual attraction to children; (3) Bengert had failed to complete the Polaris sexual-offender program; (4) Bengert's score on the Static-99 test had placed him in a medium-high risk category; and (5) Bengert had a long history of substance abuse. It concluded from the foregoing that Bengert was likely to reoffend.
 {¶ 8} Bengert claims the evidence concerning the likelihood of recidivism was not clear and convincing. "Clear and convincing evidence is `that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'"[5] We conclude that the evidence before the trial court was sufficient to show clearly and convincingly that Bengert was likely to reoffend.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt and Painter, JJ.
[1] R.C. 2950.01(E)(1).
[2] State v. Henry, 1st Dist. No. C-010289, 2001-Ohio-4071, ¶ 7.
[3] Id., citing State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881.
[4] See State v. Thompson 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276, paragraph one of the syllabus (referring to R.C.2950.09[B][2], which is currently R.C. 2950.09[B][3].)
[5] State v. Bowman, 1st Dist. No. C-020245, 2002-Ohio-6853, ¶ 15, quoting State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.